UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

DUANE LEROY CHRISTLE, JR.          CIVIL ACTION NO. 10-cv-0105

VERSUS          JUDGE WALTER

RYDER TRUCK RENTAL, INC.,          MAGISTRATE JUDGE HORNSBY
ET AL

**MEMORANDUM ORDER**

Plaintiff filed this action based on an assertion of diversity jurisdiction and named several defendants. Plaintiff has now twice amended the complaint, with the identity of the named defendants changing in each amendment. The Second Amended Complaint, the most recent and restated version of the complaint, does not list as a defendant Eagle Distributing Services, LLC or G & G Distributing Corp. It appears, therefore, that Plaintiff has elected not to name those two companies as defendants. The Clerk of Court is directed to terminate Eagle Distributing Services, LLC and G & G Distributing Corp. as defendants. If the court has misinterpreted Plaintiff's pleadings in this regard, counsel should contact the court immediately.

The next task is to ensure that the complaint states the facts necessary to establish a basis to exercise diversity jurisdiction. Plaintiff, as the party who filed the action in federal court, has the burden in this regard. There are a number of critical facts missing from the Second Amended Complaint that must be supplied to determine whether or not the court has subject-matter jurisdiction. Prescription is interrupted only if a complaint is filed in a court

of competent jurisdiction, so it is important for that reason as well that Plaintiff address this issue.

Plaintiff describes himself as a "resident" of Michigan. It is domicile rather than mere residency that decides citizenship for diversity purposes, and "[i]t is well established that an allegation of residency does not satisfy the requirement of an allegation of citizenship." Great Plains Trust Co. v. Morgan Stanley, 313 F.3d 305, 310 n. 2 (5th Cir. 2002), quoting Strain v. Harrelson Rubber Co., 742 F.2d 888 (5th Cir. 1984). Accordingly, Plaintiff must allege with specificity the state in which he is domiciled.

Defendant Robert Blakeley is described only as "an individual" with a service address in Louisiana. Plaintiff must allege with specificity the state in which Blakeley is domiciled.

There are three corporate defendants: Eagle Distributing of Shreveport, Inc.; Ryder Truck Rental, Inc.; and The Netherlands Insurance Company. They are described as Louisiana, Florida, and New Hampshire corporations respectively. The Second Amended Complaint does not, however, allege the state in which any of the corporations has its principal place of business. To establish diversity jurisdiction, a complaint must set forth "with specificity" a corporate party's state of incorporation and its principal place of business. "Where the plaintiff [or removing party] fails to state the place of incorporation or the principal place of business of a corporate party, the pleadings are inadequate to establish diversity." Joiner v. Diamond M Drilling Co., 677 F.2d 1035, 1039 (5th Cir. 1982).

The test for determining a corporation's principal place of business is set forth in <u>Hertz v. Friend</u>, 130 S.Ct. 1181 (2010).

Plaintiff is directed to file a motion for leave to amend his complaint to address the jurisdictional issues discussed above.  Defendants are encouraged to voluntarily provide Plaintiff the information regarding their principal places of business, so as to expedite the resolution of this preliminary issue without unnecessary expense.  Plaintiff will be allowed until **July 19, 2010** to comply with this order.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 21st day of June, 2010.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE